IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-165(1) |
| | § | C.A. No. C-05-050 |
| JOSE MANUEL TAMEZ-PLATA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Jose Manuel Tamez-Plata's ("Tamez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which the Court deems filed as of January 25, 2005.[1] (D.E. 21). The Court ordered the government to respond, and the Court has considered both the government's response and Tamez's subsequent "traverse." (D.E. 28, 30).[2] For the reasons set forth below, the Court DENIES Tamez's motion because it is time-barred. Additionally, the Court DENIES Tamez a Certificate of Appealability.

---

[1] Tamez's motion was received by the Clerk of this Court on January 27, 2005. It was executed, however, on January 25, 2005, and Tamez has certified that he delivered the motion to prison authorities for mailing on the same date. A motion by a *pro se* prisoner is deemed filed at the time it is provided to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). Thus, the Court deems the motion filed as of the earlier date.

[2] Dockets entries refer to the criminal case, C-02-cr-165.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On June 13, 2002, Tamez was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 102 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1).

Pursuant to a written plea agreement, Tamez pleaded guilty to the indictment on July 30, 2002. (D.E. 10, 11). He was sentenced by this Court on October 28, 2002, and judgment in his criminal case was entered on November 4, 2002. (D.E. 18, 19). He did not appeal, nor did he file any other post-conviction motions until he filed the now-pending § 2255 motion on January 25, 2005.

## III. DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The

---

[3] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b). At the time that Tamez's criminal judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did ***not*** exclude intermediate Saturdays, Sundays and legal holidays.[4] Calculated under Rule 26 in effect at that time, then, ten days after November 4, 2002 was November 14, 2002.

In this case, Tamez did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on November 14, 2002. He had one year from that date, or until November 14, 2003, to file his § 2255 motion. Tamez's § 2255 motion is deemed filed as of January 25, 2005. Thus, his motion was filed approximately one year and two months late and is untimely.

---

discovered through the exercise of due diligence.

28 U.S.C. § 2255, para. 6.

[4] At the time the judgment was entered against Tamez, Rule 26(a), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

While the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003)(quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Tamez's motion does not argue for the application of the doctrine of equitable tolling, nor does the motion provide any facts that would support the doctrine's application. Accordingly, the Court concludes that Tamez's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

**B.    Timeliness of Booker claim**

Tamez argues, however, that his motion should be deemed timely pursuant to § 2255, para. 6(3), because three of his four claims therein rely on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). (See D.E. 22 at Memorandum, p. 11). If Booker applies retroactively to cases on collateral review, then Tamez's claims based on Booker are arguably timely under § 2255(3). See supra note 3. Accordingly, the Court also addresses whether any claim pursuant to Booker is timely.[5]

---

[5] His first claim alleges that he received ineffective assistance of counsel at his plea, does not involve Booker and is clearly time-barred under § 2255, para. 6(1).

The Fifth Circuit has held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d 211 (5th Cir. 2005). Additionally, in the context of discussing whether a claim fell within the savings clause of § 2255, a panel of the Fifth Circuit has recently stated: "Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review." Padilla v. United States, __ F.3d __, 2005 WL 1595291 (5th Cir. July 8, 2005). The Padilla decision does not contain any analysis or discussion as to how the court reached this conclusion. Rather, the decision simply cites to the first page of the Booker decision for authority, as well as to a case decided prior to Booker, Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), neither of which states that Booker does not apply retroactively. Nonetheless, to the extent the opinion was intended to address the precise issue before the Court here,[6] it directs that Booker is not retroactively applicable.

This conclusion is consistent with every other federal circuit to have addressed the issue directly. Specifically, the Second, Third, Sixth, Seventh, Eighth, Tenth, and Eleventh

---

[6] As noted, the Padilla court's statement was made in the context of discussing whether a defendant's claims fell within the scope of the savings clause of § 2255. In order to show that his claims fell within the savings clause, the movant had to show that he was asserting a claim of actual innocence "(1) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." Padilla, __ F.3d __, 2005 WL 1595291, at *2 (quoting Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). Despite its broad language, the lack of any analysis suggests that it was not intended to directly address the more complicated issue of whether Booker is retroactive on initial collateral review outside the context of whether a claim falls within § 2255's savings clause.

Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F.3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same); Lloyd v. United States, 407 F.3d 608 (3d Cir. May 17, 2005)(same); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005)(same); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005)(same).

Similarly, in a post-Booker decision, the Ninth Circuit held that Blakely does not apply retroactively to convictions that became final prior to its publication. Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005). In so doing, the Schardt court utilized reasoning which would be equally applicable to Booker. See generally id.

The Court agrees with the reasoning set forth in the foregoing cases and thus concludes that Booker is not retroactive to cases on collateral review. Because Tamez's conviction became final prior to the date Booker was decided – January 12, 2005 – he is not entitled to relief under Booker. His Booker claims – like his first claim – are untimely.

## C.   **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).  Although Tamez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Tamez has stated a valid claim for relief, because he cannot establish the second

Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Tamez is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Tamez's motion under 28 U.S.C. § 2255 is DENIED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 24th day of August 2005.

_____
HAYDEN HEAD
CHIEF JUDGE