IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-02-165 |
| | § | |
| JOSE MANUEL TAMEZ-PLATA, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO MODIFY SENTENCE**

Pending before the Court is Defendant Jose Manuel Tamez-Plata's ("Tamez-Plata") "Motion to Modify His Sentence Pursuant to Title 18 U.S.C. Section 3582(c)(1), in Light of Amendment 709 of the United States Sentencing Guidelines, Effective November 1, 2007, Made Retroactive on March 3, 2008." (D.E. 46.)  This document was received by the Clerk on March 10, 2008.  In it, Tamez-Plata argues that his sentence should be reduced based on Amendment 709 to the United States Sentencing Guidelines, which he claims is retroactive.  (D.E. 46 at 1.)  He also relies on the fact that, subsequent to United States v. Booker, 543 U.S. 220 (2005), the federal Sentencing Guidelines are no longer mandatory. He claims that he is entitled to resentencing and that the Court may sentence him below the advisory guideline range.  For the reasons set forth herein, Tamez-Plata's motion is DENIED.

**I. BACKGROUND**

On June 13, 2002, Tamez-Plata was charged in a single-count indictment with

1

knowingly and intentionally possessing with intent to distribute approximately 102 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1.) He pleaded guilty to the indictment on July 30, 2002 pursuant to a written plea agreement. (D.E. 10, 11.)

On October 28, 2002, he was sentenced by this Court to 151 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. (D.E. 18, 19.) The Court also imposed a $100 special assessment. (D.E. 18, 19.) Judgment was entered against him on November 4, 2002. (D.E. 19.) He did not appeal.

Tamez-Plata subsequently filed a motion under 28 U.S.C. § 2255, in which he argued that he was entitled to relief pursuant to United States v. Booker, 543 U.S. 220 (2005). (D.E. 21.) This Court denied his motion, finding that it was not timely and that Booker did not apply retroactively so as to entitle him to relief. (D.E. 31.) Tamez-Plata timely appealed. (D.E. 34.) This Court denied him a Certificate of Appealability (D.E. 31), and the Fifth Circuit also denied him a COA. (D.E. 44.) The instant motion followed.

## II. ANALYSIS

Although Tamez-Plata refers in the title and introduction of his motion to 18 U.S.C. § 3582(c)(1), he later makes clear that he is seeking relief pursuant to § 3582(c)(2). (Compare D.E. 46 at 1 with D.E. 46 at 3, 4, 8.) Because of this, and because §3582(c)(1) appears inapplicable here, the Court instead interprets his motion as requesting relief pursuant to 18 U.S.C. § 3582(c)(2). This provision permits a district court to reduce a term

of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines. Such a reduction is permitted, however, only if it is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The pertinent policy statement is found at United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 1B1.10. Id. This provision lists the amendments to the Guidelines that are eligible for retroactive effect. U.S.S.G. § 1B1.10(c). If an amendment is not listed in that section, a retroactive reduction in sentence is not authorized. See United States v. Gonzalez-Balderas, 105 F.3d 981 (5th Cir. 1997).[1]

In this case, Tamez-Plata's sentence became final in November 2002, when his deadline for appealing expired. He now requests relief pursuant to Amendment 709. Amendment 709 modifies U.S.S.G. § 4A1.2, which governs the computation of a defendant's criminal history. It was one of a number of amendments which became effective on November 1, 2007, long after Tamez-Plata's conviction became final. Thus, Tamez-Plata is entitled to relief under Amendment 709 only if that Amendment is retroactively applicable.

Although Tamez-Plata describes the Amendment as "retroactive," and contends that

---

[1] Even where an amendment can be applied retroactively, whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831; United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998).

it was made so on March 3, 2008, he provides no authority in support of that claim.[2] Indeed, the one federal Court of Appeals that has addressed the issue and numerous federal district courts have held that Amendment 709 is not retroactively applicable. See, e.g. United States v. Cofield, 2007 WL 4532938, *1 (4th Cir. Dec. 26, 2007) (unpublished); United States v. Wilson, 2008 WL 544973, *1 (D. Minn. Feb. 26, 2008) (collecting authority and noting that "[a]lthough Amendment 709 became effective less than three months ago, a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable"). The rationale is simple: Amendment 709 is not included in U.S.S.G. § 1B1.10(c) as a retroactive amendment and therefore is not retroactive. Because it is not retroactively applicable, Amendment 709 does not entitle Tamez-Plata to relief.

### III. CONCLUSION

For the foregoing reasons, Tamez-Plata's motion to modify his sentence (D.E. 46) is DENIED.

Ordered this 27th day of March, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[2] Tamez-Plata seems to be confusing Amendment 709 with Amendment 712, which changes the guideline range for offenses involving crack cocaine. Amendment 712 was made retroactive effective March 3, 2008. As discussed herein, the Sentencing Commission did not make Amendment 709 retroactively applicable.